UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SEAN MACPHERSON,<br><br>    Plaintiff,<br><br>  v.<br><br>JP MORGAN CHASE BANK, N.A.,<br><br>    Defendant. | Case No.<br><br>3:09-cv-01774 (AWT)<br><br><br>November 6, 2009 |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)**

  Defendant Chase Bank U.S.A., N.A. ("Chase") s/h/a JP Morgan Chase Bank, N.A., by its attorneys Stagg, Terenzi, Confusione & Wabnik, LLP, respectfully submits this Memorandum of Law in further support of its motion pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss plaintiff's complaint and for such other and further relief and this Court deems proper.

**PRELIMINARY STATEMENT**

  Plaintiff alleges that Chase reported erroneous credit information to certain consumer credit reporting agencies. Count I of the complaint asserts that Chase's publication of the allegedly false credit information constituted defamation. (Stagg Aff. Ex. A ¶ 16-18.) Count II alleges that Chase intentionally inflicted emotional distress on plaintiff by defaming him. (Id. at ¶ 2.)

  Based on the allegations in the complaint, plaintiff's causes of action should be dismissed in their entity. Plaintiff's defamation and intentional infliction of emotional

distress claims are preempted under the express language of the Fair Credit Reporting Act. See 15 U.S.C. § 1681 et seq. Under section 1681t(b)(1)(F), federal law preempts state law causes of action against "furnishers of information" if those claims arise out of conduct regulated by section 1681s-2. 15 U.S.C. 1681t(b)(1)(F). Here, plaintiff's claims for defamation and intentional infliction of emotional distress are founded solely on allegations relating to Chase's furnishing of information to various credit reporting agencies. Accordingly, plaintiff's claims are preempted and the complaint should be dismissed.

## PROCEDURAL HISTORY

Plaintiff commenced this action by filing a summons and complaint on or about October 5, 2009 under Docket No. CV-09-5008520-S in the Superior Court Judicial District of Danbury at Danbury. (Stagg Aff. Ex. A.) Chase was served on or about October 8, 2009. (Id.) On November 2, 2009, Chase filed a Notice of Removal of the state court action to this Court based on diversity jurisdiction and original subject matter jurisdiction. (Doc. No. 1.) Chase now moves to dismiss the complaint based on the FCRA's preemption of plaintiff's causes of action.

## ARGUMENT

## STANDARD OF REVIEW

When considering a Rule 12(b)(6) motion to dismiss, the court must accept as true all factual allegations in the complaint and draw inferences from these allegations in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Bernheim v. Litt, 79 F.3d 318, 321 (2d Cir. 1996). Dismissal is warranted only if, under any set of facts that the plaintiff can prove consistent with the allegations, it is clear that no relief can be

granted. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Cooper v. Parsky, 140 F.3d 433, 440 (2d Cir. 1998). "The issue on a motion to dismiss is not whether the plaintiff will prevail, but whether the plaintiff is entitled to offer evidence to support his or her claims." United States v. Yale New Haven Hosp., 727 F.Supp. 784, 786 (D. Conn. 1990) (citing Scheuer, 416 U.S. at 232). In its review of a motion to dismiss, the court may consider "only the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings and matters of which judicial notice may be taken." Samuels v. Air Transport Local 504, 992 F.2d 12, 15 (2d Cir. 1993).

It is respectfully submitted that a review of the four corners of plaintiff's complaint reveals that plaintiff failed to state a cause of action upon which relief can be granted, and, therefore, dismissal of the complaint is warranted.

## POINT I.

## PLAINTIFF'S CLAIMS ARE PREEMPTED

Plaintiff's claims for defamation and intentional infliction of emotional distress are preempted by the FCRA. See 15 U.S.C. § 1681 et seq.

Specifically, section 1681t(b)(1)(F) provides in pertinent part, that "[n]o requirement or prohibition may be imposed under the laws of any state . . . with respect to any subject matter regulated under section 1681s-2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies . . . ." 15 U.S.C. § 1681t(b)(1)(F). Section 1681s-2(a) establishes that those who furnish information to consumer reporting agencies must do so accurately. 15 U.S.C. § 1681s-2(a). Section 1681s-2(b) addresses the duties of those who furnish information to consumer reporting agencies once they receive

notice of a dispute regarding the completeness or accuracy of the information they provide. 15 U.S.C. § 1681s-2(b).

Plaintiff's defamation claim alleges that Chase defamed him by falsely and maliciously reporting to credit reporting agencies that plaintiff's account balance had doubled and that plaintiff was more than two payments past due. (Stagg Aff. Ex. A ¶ 11.) Plaintiff alleges that despite notifying Chase in writing of the errors, Chase nevertheless notified the credit reporting agencies of plaintiff's negative credit events. (Id. at ¶ 12.) Plaintiff's claim for intentional infliction of emotional distress is based on Chase's alleged defamation. (Id. at ¶ 22.) As such, the conduct alleged in the complaint falls squarely within the scope of section 1681s-2 and is governed by section 1681t(b)(1)(F).

In 2005 this Court addressed the application of section 1681t(b)(1)(F) of the FCRA to state law causes of action against furnishers of information. Ryder v. Washington Mut. Bank, FA, 371 F. Supp. 2d 152, 154-55 (D. Conn. 2005) (state law defamation claim). This Court stated that "state law claims based on actions of a furnisher of information after the furnisher has received notice of inaccuracies are held preempted by [section] 1681t(b)(1)(F)." In 2006, this Court again ruled that since section 1681t(b)(1)(F) operates to preempt state common law, borrower's defamation claim and intentional infliction of emotional distress claim against the bank could not stand. Holtman v. CitiFinancial Mortgage Co., No. 3:05-CV-1571, 2006 WL 1699589, at * 3 (D. Conn. June 19, 2006) (FCRA preempted claims for defamation and intentional infliction of emotional distress).[1]

---

[1] A copy of the decision published only on Westlaw is annexed hereto as Exhibit 1.

Many other jurisdictions have ruled that the FCRA preempts state law causes of actions against furnishers of information. See <u>Johnson v. JP Morgan Chase Bank</u>, 536 F. Supp. 2d 1207, 1213-14 (E.D. Cal. 2008) (FRCA preempted cause of action for defamation and intentional infliction of emotional distress); <u>Bank One, N.A. v. Colley</u>, 294 F. Supp. 2d 864, 869 (M.D. La. 2003) (FCRA preempted claims for negligence and defamation where alleged conduct giving rise to claims occurred after furnisher was notified of inaccuracy); <u>Hasvold v. First USA Bank, N.A.</u>, 194 F. Supp. 2d 1228, 1236-37 (D. Wyo. 2002) (FCRA preempted state law claims for defamation and invasion of privacy based on allegations that the bank furnished false information to a CRA).

Since plaintiff's state law claims are based on allegations that Chase reported inaccuracies to a credit reporting agency, Chase's actions fall within the conduct governed by the FRCA and section 1681t(b)(1)(F) preempts plaintiff's claims. Therefore, pursuant to <u>Ryder</u> and <u>Holtman</u>, § 1681t(b)(1)(F) of the FCRA preempts plaintiff's recovery for defamation and intentional infliction of emotional distress and plaintiff's complaint should be dismissed in its entirety.

## CONCLUSION

For the foregoing reasons, it is respectfully requested that the Court issue an order: (1) dismissing the complaint; and (2) granting Chase such other and further relief as the court deems just and proper.

Dated: Garden City, New York
      November 6, 2009

                Yours, etc.

                STAGG, TERENZI, CONFUSIONE
                & WABNIK, LLP
                Attorneys for defendant Chase Bank U.S.A., N.A.
                s/h/a JP Morgan Chase Bank, N.A.

By:    s/Thomas E. Stagg
        Thomas E. Stagg (ct-23429)
        Haley E. Olam (ct-27805)
        401 Franklin Avenue, Suite 300
        Garden City, New York 11530
        Telephone: (516) 812-4500
        Facsimile: (516) 812-4600

Exhibit 1

1

Not Reported in F.Supp.2d, 2006 WL 1699589 (D.Conn.)
(Cite as: 2006 WL 1699589 (D.Conn.))

Only the Westlaw citation is currently available.

United States District Court,
D. Connecticut.
Donald R. HOLTMAN and Verena E. Holtman,
Plaintiffs,
v.
CITIFINANCIAL MORTGAGE COMPANY, INC.,
Defendant.
No. Civ.A. 3:05-CV-1571(.

June 19, 2006.

James A. Armentano, Donald R. Holtman, Katz & Seligman, Hartford, CT, for Plaintiffs.

Donald E. Frechette, William E. Murray, Edwards & Angell, Hartford, CT, for Defendant.

RULING ON DEFENDANTS' MOTION TO DISMISS [DKT. NO. 15]

HALL, J.

*1 The plaintiffs Donald R. Holtman and Verena E. Holtman, residents of Connecticut, bring this action for injunctive and monetary relief against the defendant, Citifinancial Mortgage Company, Inc. ("Citifinancial"), a New York corporation with its principal place of business in Maryland. The Holtmans allege violations of the Creditors Collection Practices Act, Conn. Gen.Stat. § 36a-646 *et seq.* and the Connecticut Unfair Trade Practices Act, Conn. Gen.Stat. § 42-110a *et seq.*, defamation, intentional infliction of emotional distress, and negligent infliction of emotional distress. This suit arises from a promissory note and mortgage the Holtmans executed on their residence, which note and mortgage are now held by Citifinancial. Citifinancial removed this action from the Connecticut Superior Court in Hartford pursuant to 28 U.S.C. §§ 1441 and 1446. Citifinancial has moved to dismiss certain aspects of the complaint pursuant to Fed. R. Civ. P 12(b)(6). Jurisdiction is allegedly based on diversity of citizenship of the parties. 28 U.S.C § 1332.

On the basis of the following analysis, Citifinancial's motion is GRANTED in part and DENIED in part.

I. FACTUAL BACKGROUND [FN1]

FN1. The court takes the facts alleged in the complaint as true, as it must, and draws all inferences in Holtmans' favor. *See Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974), *overruled on other grounds by Davis v. Scherer,* 468 U.S. 183, 104 S.Ct. 3012, 82 L.Ed.2d 139 (1984)

On January 10, 2003, the Holtmans executed a promissory note and mortgage on their residence at 12 Sage Lane, East Granby in favor of Wilmington Savings Fund Society for $176,600.[FN2] Citifinancial obtained that promissory note and mortgage by assignment on March 31, 2003. The monthly installments on the note and mortgage became payable commencing in April of 2003.

FN2. For the purposes of this Motion to Dismiss, the Holtmans' debt is consumer debt under Conn. Gen.Stat. § 36a-645.

Except for three occasions, the Holtmans made timely payment of each installment due under the note and mortgage. However, from March 2004 until the present, Citifinancial engaged in a number of practices, including: a) assessing late charges against the Holtmans for being one to three installments behind on their payments, even though Citifinancial's own records demonstrated that the Holtmans were not behind on these payments; b) contacting at least one third party regarding the Holtmans' allegedly tardy payments; c) making hundreds of telephone calls-as many as seven a day-to the Holtmans at their home and to Mr. Holtman at his office, including calling the Holtmans back immediately after the Holtmans said that they would not speak to Citifinancial representatives by phone; d) calling Mrs. Holtman on at least two Fridays and claiming that "an attorney would come out on Monday and put a padlock on the door" if the Holtmans did not make payments, even though such payments were not actually due; e) refusing to deter-

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2006 WL 1699589 (D.Conn.)
**(Cite as: 2006 WL 1699589 (D.Conn.))**

mine the validity of its claims even though Citifinancial's own records demonstrated that the Holtmans were making timely payments on their installments, including advising Mr. Holtman on at least one occasion that a letter Mr. Holtman wrote detailing Citifinancial's errors would not be answered and had almost certainly been thrown away; and f) threatening repeatedly to notify credit reporting agencies that the Holtmans were in default, despite the fact that Citifinancial knew, or should have known, that the Holtmans were not in default.

*2 The Holtmans brought the present action for injunctive relief to require the Citifinancial to correct its records, credit the Holtmans' account with all payments made by them, and notify all third parties, including but not limited to credit reporting agencies, that Citifinancial falsely reported that the Holtmans were in default. The Holtmans' request for injunctive relief is based on Citifinancial's alleged violations of Conn. Gen.Stat. § 36a-646 *et seq.* The Holtmans also assert claims for violation of Conn. Gen.Stat. § 42-110a *et seq.*, defamation, intentional infliction of emotional distress, and negligent infliction of emotional distress. Citifinancial moves pursuant to Fed.R.Civ.P. 12(b)(6) to dismiss the Holtmans' complaint, arguing that it fails to state claims upon which relief can be granted.

II. STANDARD OF REVIEW

A motion to dismiss filed pursuant to Rule 12(b)(6) can be granted only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *see also Harris v. City of New York,* 186 F.3d 243, 250 (2d Cir.1994). In considering such a motion, the court accepts the factual allegations alleged in the complaint as true and draws all inferences in the plaintiff's favor. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974), *overruled on other grounds by Davis v. Scherer,* 468 U.S. 183, 104 S.Ct. 3012, 82 L.Ed.2d 139 (1984). In addition, Rule 8 of the Federal Rules of Civil Procedure requires only that a complaint "contain ... a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2); *see also Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 512, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002).

"In considering a motion to dismiss ... a district court must limit itself to facts stated in the complaint or in documents attached to the complaint as exhibits or incorporated in the complaint by reference ... [and review all allegations] in the light most favorable to the non-moving party." *Newman & Schwartz v. Asplundh Tree Expert Co., Inc.,* 102 F.3d 660, 662 (2d Cir.1996). "While the pleading standard is a liberal one, bald assertions and conclusions of law will not suffice." *Leeds v. Meltz,* 85 F.3d 51, 53 (2d Cir.1996).

III. DISCUSSION

In its motion to dismiss, Citifinancial claims that: 1) the Fair Credit Reporting Act, 15 U.S.C. 1681 *et seq.* ("FCRA") preempts the Holtmans' defamation claim that Citifinancial falsely and maliciously reported to credit reporting agencies that the Holtmans were in default; 2) the FCRA also preempts those portions of the Holtmans' other claims that are based on Citifinancial furnishing information to credit reporting agencies; 3) the Creditors Collection Practice Act, Conn. Gen.Stat. § 36a-646 *et seq.* ("CCPA") cannot be a ground for relief because that provision does not create a private cause of action; and 4) the Holtmans' claims for intentional and negligent infliction of emotional distress do not allege sufficient facts upon which relief can be granted. The court will consider these arguments in turn.

A. Preemption of State Law Defamation Claim

*3 With regard to Citifinancial's assertion that federal law preempts the Holtmans' defamation claim, section 1681t (b)(1)(F) of the FCRA provides, in pertinent part, that "[n]o requirement or prohibition may be imposed under the laws of any state with respect to any subject matter regulated under section 1681s-2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies." 15 U.S.C. § 1681t (b)(1)(F). As a threshold matter, this court finds that "under the laws of any state" in this section refers to the statutory and common law of a state. As the Supreme Court stated in *Erie R. Co v. Tompkins,* the laws of a state, at least for diversity purposes, include state statutes and the rulings of the highest state courts. 304 U.S. 64, 78, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). Congress may decide to limit preemption to statutes or common law, but there is no

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2006 WL 1699589 (D.Conn.)
**(Cite as: 2006 WL 1699589 (D.Conn.))**

language to suggest that Congress did so in this section of the FCRA. When Congress means to limit the scope of a preemption statute, it does so in more specific terms than referencing "the laws of any state." For example, section 1681h (e) of Title 15 of the U.S.Code, a section discussed in more detail below, precludes recovery based on "defamation, invasion of privacy, or negligence," all of which are prototypical state common law claims. No designation of this sort is present in section 1681t (b)(1)(F).

Because section 1681t (b)(1)(F) operates to preempt, *inter alia,* state common law, the defamation claim against Citifinacial cannot stand. Section 1681t (b)(1)(F) limits its preemptive effect to the conduct regulated by section 1681s-2. The statute outlines this conduct in sections 1681s-2 (a) and (b). Section 1681s-2 (a) establishes that those who furnish information to consumer reporting agencies must do so accurately. 15 U.S.C § 1681s-2(a). In the present case, the Holtmans' defamation claim asserts that Citifinancial defamed them by falsely and maliciously reporting to credit reporting agencies that the Holtmans were in default on their mortgage payments. Section 1681s-2 (b), on the other hand, addresses the duties of those who furnish information to consumer reporting agencies once they receive notice of a dispute regarding the completeness or accuracy of the information they provide. 15 U.S.C § 1681s-2 (b)(1). Notice for the purposes of the statue may come from a credit reporting agency or a consumer. *See Ryder v. Washington Mutual Bank,* 371 F.Supp.2d 152, 154-55 (2005) (citing *Kane v. Guaranty Residential Lending, Inc.,* No. 04-CV-4847 (ERK), 2005 WL 1153623, at *8 (E.D.N.Y. May 16, 2005). Here, the Holtmans claim that, despite writing Citifinancial a letter detailing its errors, Citifinancial refused to determine the validity of its claims. As such, there can be little doubt that the conduct alleged in the complaint falls squarely within the scope of section 1681s-2. Thus, § 1681t (b)(1) (F) preempts the Holtmans' recovery under state defamation law.

*4 The Holtmans assert that the FCRA does not preempt their state law defamation claim because section 1681h (e) of the FCRA permits recovery despite section 1681t. Section 1681h (e) states, in pertinent part, that:

No consumer may bring any action or proceeding in the nature of defamation ... with respect to the reporting of information, against any consumer reporting agency, any user of information, or any person who furnishes information to a consumer reporting agency, based on information disclosed pursuant to section 1681g, 1681h, or 1681m of this title, or based on information disclosed by a user of a consumer report to or for a consumer against whom the user has taken adverse action, based in whole or in part on the report *except as to false information furnished with malice or willful intent to injure such consumer.*

15 U.S.C § 1681h (e) (emphasis added). Relying on the emphasized portion of the language quoted above, the Holtmans argue that their state law defamation claim should survive because it alleges that Citifinancial provided false information to consumer reporting agencies in a malicious and willful attempt to injure them.

Though a federal appellate court has yet to deal with the question of how the preemptive effects of section 1681t (b) interact with section 1681h (e), a number of federal district courts have agreed in principle with the Holtmans' position. These courts take the position that, with regard to providing information to consumer reporting agencies, section 1681t (b) preempts state statutory causes of action in the areas specified, while section 1681h (e) only preempts state common law causes of action that do not involve the malicious or willful intent to injure a consumer. *See, e.g., Alabran v. Capital One,* No. Civ.A. 3:04CV935, 2005 WL 3338663, at *5 (E.D.Va. Dec.8, 2005); *Watson v. Trans Union Credit Bureau,* No. Civ. 04-205-B-C, 2005 WL 995687, at *6-8 (D.Me. Apr.28, 2005); *Barnhill v. Bank of Am.,* 378 F.Supp.2d 696, 703-04 (D.S.C.2005).

The analysis of these courts, as well as two other groups of courts who have resolved the issue differently,[FN3] assumes that section 1681t (b)(1)(F) and section 1681h (e) govern identical subject matter. This court does not read the two statutes in this manner. As discussed above, on its face section 1681t (b)(1)(F) only applies to persons who provide information to consumer reporting agencies. The plain language, of section 1681h (e), however, applies just to consumer reporting agencies and those who take adverse actions against consumers based on consumer reports. Spe-

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2006 WL 1699589 (D.Conn.)
(Cite as: 2006 WL 1699589 (D.Conn.))

cifically, one portion of section 1681h (e) restricts the behavior of those who provide information to consumer reporting agencies pursuant to sections 1681g, h, and m. 15 U.S.C. § 1681h (e). Sections 1681g and 1681h only govern consumer reporting agencies. *See* 15 U.S.C. §§ 1681g and 1681h. Section 1681m applies solely to the "duties of users taking adverse actions *on basis of information contained in consumer reports.*" 15 U.S.C. § 1681m (a) (emphasis added). Likewise, the portion of section 1681h (e) following the reference to sections 1681g, h, and m only applies to persons who take adverse action against a consumer *"based in whole or in part on the* [consumer] *report."* 15 U.S.C. § 1681h (e) (emphasis added). In their complaint, the Holtmans do not allege that Citifinancial is a consumer reporting agency, or that Citifinancial took actions against them based on a consumer report. Section 1681h (e), thus, does not apply to this case. The Holtmans' defamation claim (Count Three) is therefore dismissed.

> FN3. Citifinancial cites to both these groups of district courts in its Motion to Dismiss. One group uses a temporal approach to reconcile sections 1681t(b) and 1681h (e). These courts posit that section 1681t (b) operates only after a consumer or credit agency notifies a provider of information has furnished inaccurate information, while section 1681h (e) operates before said notice. *See, e.g., Ryder v. Washington Mutual Bank,* 371 F.Supp.2d 152, 154-55 (D.Conn.2005); *Woltersdorf v. Pentagon Fed. Credit Union,* 320 F.Supp.2d 1222, 1223-27 (N.D.Ala.2004). The other group of courts holds that section 1681t (b) entirely preempts 1681h (e). *Roybal v. Equifax,* No. CIV S05-1207MCEKLM, 2005 WL 3536115, at *3-4 (E.D.Cal. Oct.19, 2005); *Hasvold v. First USA Bank, N.A.,* 194 F.Supp.2d 1228, 1238-39 (D.Wyo.2002). For the reasons stated in the following analysis, this court does not adopt these formulations.

B. Issues Based on Preempted Claims

*5 For the reasons outlined in Section III. A of this decision, all aspects of the Holtmans' complaint that are based on Citifinancial's furnishing of information to consumer reporting agencies must also be dismissed. Thus, those portions of the Holtmans' complaint that are based on Citifinancial informing credit reporting agencies 1) that the Holtmans were behind on their mortgage and note payments, or 2) that Citifinancial charged the Holtmans late fees for missing these payments, Compl. at ¶¶ 5(a) & 5(b), are dismissed.[FN4]

> FN4. For clarity, this includes those sections of the Holtmans' claims under CUTPA (Count Two), intentional infliction of emotional distress (Count Four), and negligent infliction of emotional distress (Count Five) that incorporate these paragraphs by reference.

C. Private Cause of Action Under the Creditor's Collection Practices Act

Courts of this District have held for at least sixteen years that the CCPA does not create a private cause of action. *See Pabon v. Recko,* 122 F.Supp.2d 311, 314 (D.Conn.2000); *Krutchkoff v. Fleet Bank, N.A.,* 960 F.Supp. 541, 548 (D.Conn.1996); *Gaetano v. Payco of Wisconsin, Inc.,* 774 F.Supp. 1404, 1414 (D.Conn.1990). The Holtmans correctly point out that the issue is still open because the Connecticut Supreme Court has yet to rule on it. Until such a ruling, however, this court agrees with the non-binding precedent in this District.

No one disputes that the CCPA does not expressly create a private cause of action. This is critical because Connecticut law presumes that private rights of action do not exist unless expressly created by statute. *Napoletano v. CIGNA Healthcare of Connecticut, Inc.,* 238 Conn. 216, 249, 680 A.2d 127 (1997). A party attempting to invoke an implied private right of action bears the burden of overcoming this presumption and establishing that the statute creates such a right. *Asylum Hill Problem Solving Revitalization Assoc. V. King,* 277 Conn. 238, 246, 890 A.2d 522 (2006). The Holtmans cannot meet their burden unless they show that each factor in the three part test established by the Connecticut Supreme Court in *Napoletano* weighs in favor of an implied right of action. *Napoletano,* 238 Conn. at 249, 680 A.2d 127. The three part test asks if: 1) the plaintiff belongs to the class the legislature intended for the statute to benefit; 2) there is an explicit or implicit legislative intent to create or deny a

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

private right; and 3) the implied private right of action is consistent with the legislative scheme. *Id.* Though it is clear that the Holtmans belong to the class the legislature intended the CCPA to benefit, it is equally clear that this is the only part of the *Napoletano* test they can establish.

Under the second part of the *Napoletano* test, nothing suggests that the Connecticut legislature intended to create a private cause of action in the CCPA. Section 36a-647 expressly grants the State Banking Commissioner authority to enforce the provisions of the CCPA. In section 36a-647(d), the Act provides that "(n)othing contained in sections 36a-645 to 36a-647, inclusive, shall be construed as a limitation upon the power or authority of the state, the attorney general or the commissioner to seek administrative, legal, or equitable relief." Conn.Gen.Stat. § 36a-647(d). Private citizens are conspicuously absent from the list. There are strong indications that this absence is due to the fact that the legislature viewed a private cause of action under the CCPA as unnecessary. One of these indications is a key difference between the state's CCPA and a "parallel" federal statute, the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et. seq.* ("FDCPA"). See *Krutchkoff,* 960 F.Supp. at 547. Both acts regulate the manner in which banks can collect consumer debt. However, though the FDCPA specifically authorizes a private cause of action for violations of its provisions, the CCPA does not. *Contrast* 15 U.S.C. § 1692K (authorizing private cause of action and imposing civil liability for FDCPA violations) *with* Conn.Gen.Stat. § 36a-647 (authorizing State Banking Commissioner to prosecute CCPA violations). Also, the legislative history of the CCPA reveals that, in drafting the original act, the Legislature removed a section that would have created a private cause of action. See *Connecticut National Bank v. Montanari,* 1994 WL 29929 at *3 (Conn.Super.1994). All of this suggests that the Legislature ultimately decided that the powers it granted to the Banking Commissioner and other public officials were sufficient to enforce the state's banking law.

*6 Looking to the third part of the *Napoletano* test, a private right of action under the CCPA appears to have no place in the legislative scheme of banking regulation given the number of alternative means of enforcement. For one, individuals like the Holtmans can use violations of the CCPA to state a claim under the Connecticut Unfair Trade Practices Act, Conn. Gen.Stat. § 42-110a *et. seq.* ("CUTPA"). To establish a CUTPA violation, a plaintiff may show that, in violating the CCPA, the defendant in question violated Connecticut public policy. *Pabon,* 122 F.Supp.2d at 314; *see also Tillquist v. Ford Motor Credit Co.,* 714 F.Supp. 607, 616 (D.Conn.1989) ( "Because plaintiff has sustained his burden of proof with respect to the (CCPA), the court must determine whether a violation of these regulations is also a violation of the CUTPA."). Also, as the Holtmans point out in their Response to the Motion to Dismiss, the Holtmans can use certain violations of the CCPA to support a negligence claim against Citifinancial. Considering the aforementioned powers of the Banking Commissioner, it is difficult to see what value a private right of action under the CCPA adds to the enforcement of Connecticut's banking policy.

Because the Creditor's Collection Practices Act does not create a private cause of action, the Holtmans' claims for injunctive and compensatory damages based on the CCPA (Count One) are dismissed.

D. Intentional and Negligent Infliction of Emotional Distress

Citifinancial has moved to dismiss the Holtmans' claims for intentional and negligent infliction of emotional distress. Intentional infliction of emotional distress requires that: 1) the actor intended to cause emotional distress when she knew or should have known that emotional distress likely would result; 2) the conduct was extreme and outrageous; 3) the defendant's behavior caused the plaintiff's distress; and 4) the plaintiff's emotional distress was severe. *Carrol v. Allstate Ins. Co.,* 262 Conn. 433, 443, 815 A.2d 119 (Conn.2002). Negligent infliction of emotional distress requires that: 1) the defendant's conduct created an unreasonable risk of causing emotional distress; 2) the plaintiff's distress was foreseeable and severe enough to potentially cause illness or bodily harm; and 3) the defendant caused the plaintiff's stress. *Id.* at 446, 815 A.2d 119.

The crux of Citifinancial's argument is that the alleged conduct is not outrageous and extreme enough to sustain the Holtmans' burden under Connecticut law. Based on the allegations in the complaint, this court cannot state as a matter of law that the Holtmans could not prove these claims. The motion is therefore denied

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2006 WL 1699589 (D.Conn.)
 **(Cite as: 2006 WL 1699589 (D.Conn.))**

as to these two causes of action.

IV. CONCLUSION

For the foregoing reasons, Citifinancial Mortgage Company, Inc's Motion to Dismiss [Dkt. No. 15] is hereby GRANTED in part and DENIED in part. The Holtmans' CCPA claim (Count One) is dismissed. The defamation claim (Count Three) is also dismissed. Those portions of the CUTPA (Count Two), intentional infliction of emotional distress (Count Four), and negligent infliction of emotional distress (Count Five) claims based on Citifinancial informing credit reporting agencies: 1) that the Holtmans were behind on their mortgage and note installments, or 2) that Citifinancial subsequently charged the Holtmans with late fees, are also dismissed.

*7 SO ORDERED.

D.Conn.,2006.
Holtman v. Citifinancial Mortg. Co., Inc.
Not Reported in F.Supp.2d, 2006 WL 1699589 (D.Conn.)

END OF DOCUMENT

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

## CERTIFICATE OF SERVICE

Sean Macpherson

v.

JP Morgan Chase Bank, N.A.

U.S.D.C., District of Connecticut

Case No. 3:09cv1774 (AWT)

This is to certify that a copy of the foregoing Memorandum of Law in Support of Motion to Dismiss and supporting Exhibit was mailed, first class mail, postage prepaid, on this 6th day of November, 2009, to:

Sean Macpherson
168 Sunset Hill Road
Redding, Connecticut 06896
*Plaintiff Pro Se*

                    BY:    s/Haley E. Olam
                              HALEY E. OLAM (ct 27805)
                              Stagg, Terenzi, Confusione & Wabnik, LLP