UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

SEAN MACPHERSON,

    Plaintiff,

v.

JP MORGAN CHASE BANK, N.A.,

    Defendant.

Case No.

3:09-cv-01774 (AWT)

December 14, 2009

## REPORT OF PARTIES' PLANNING MEETING

Date complaint filed: October 5, 2009

Date complaint served: October 8, 2009

Date of defendant's appearance: November 2, 2009

    As of yet, plaintiff Sean Macpherson has been unsuccessful in his attempts to confer with defendant in order to file a mutually agreeable planning report pursuant to Fed. R. Civ. P. 16(b), 26(f), and D. Conn. L. Civ. R. 16. Without conferring with plaintiff, counsel for defendant contacted Law Clerk Christopher Lynch regarding holding a planned December 17, 2009 status conference by teleconference. Plaintiff learned of these facts through an email sent by Law Clerk Lynch.

    Counsel for defendant emailed plaintiff on December 7, 2009 inquiring when plaintiff would be available to confer. Since the status conference was now to be conducted via teleconference and could be easily deferred by mutual agreement, plaintiff advised defendant's counsel that he was available on December 15, 2009. Plaintiff did not hear back

from defendant's counsel regarding setting up a mutually agreeable time to confer, rather defendant's counsel simply forwarded a draft planning report at 6:33 pm on December 9, 2009 and indicated it needed to be filed by December 14, 2009. Plaintiff immediately responded to defendant's counsel sending a detailed mark-up of the draft planning report with plaintiff's objections and comments. Defendant's counsel made no further attempt to contact plaintiff regarding drafting a mutually agreeable planning report but rather filed their own planning report on December 11, 2009 under the false pretense that they were unable to confer with plaintiff.

Therefore plaintiff alone submits the following proposed case management plan.

**The participants were:**

Plaintiff is unable to complete this section because of the inability to confer with defendant's counsel.

I.   **CERTIFICATION**

Plaintiff is unable to complete this section because of the inability to confer with defendant's counsel.

II.  **JURISDICTION**

A.   <u>Subject Matter Jurisdiction</u>

Defendant removed this action to this Court on November 2, 2009. Plaintiff is a citizen of Connecticut and defendant is a national banking association chartered by Act of Congress. Chase maintains that there is complete diversity of citizenship between itself and plaintiff, and the amount in controversy exceeds $75,000. Plaintiff maintains that there is no diversity of citizenship between plaintiff and defendant and moreover that there can be no federal question jurisdiction pursuant to 28 U.S.C. §1349 since defendant was chartered under

2

the National Banking Act of 1864, an Act of Congress. Plaintiff's has made no allegations pursuant to the Fair Credit Reporting Act or any other federal or state statute and maintains that purely common law claims tangentially involving credit reporting are not preempted by federal law, especially where the allegations include claims of malice and/or intentional conduct.

Plaintiff has filed papers on November 12 and November 18, 2009 which this Court has deemed to be a Motion to Remand. On December 10, 2009, defendant opposed plaintiff's Motion to Remand.

    B.    <u>Personal Jurisdiction</u>

Personal Jurisdiction is not contested.

## III. BRIEF DESCRIPTION OF CASE:

    A.    <u>Claims of Plaintiff:</u>

Plaintiff asserts common law tort claims for defamation and intentional infliction of emotional distress. Plaintiff seeks at least $1,500,000 in actual damages and also seeks punitive damages.

    B.    <u>Defenses and Claims (Counterclaims, Third Party Claims, Cross Claims) of Defendant:</u> Plaintiff is unable to complete this section because of the inability to confer with defendant's counsel.

    C.    <u>Defenses and Claims of Third Party Defendant:</u>

There are no third-party defendants to this action.

## IV. STATEMENT OF UNDISPUTED FACTS:

Plaintiff is unable to complete this section because of the inability to confer with defendant's counsel.

3

## V. CASE MANAGEMENT PLAN:

### A. Standing Order on Scheduling in Civil Cases

Plaintiff requests modification of the deadlines in the Standing Order on Scheduling in Civil Cases as set forth below.

### B. Scheduling Conference with the Court

Plaintiff does not request a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b).

### C. Early Settlement Conference

1. Plaintiff certifies that he has not been able to consider the desirability of attempting to settle the case before undertaking significant discovery or motion practice because of the inability to confer with counsel for defendant. Settlement is unlikely at this time.

2. Plaintiff does not request an early settlement conference.

3. Plaintiff does not request a voluntary referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16.

### D. Joinder of Parties and Amendment of Pleadings

1. Plaintiff should be allowed until March 1, 2010 to file motions to join additional parties and to file motions to amend the pleadings.

2. Defendants should be allowed until March 1, 2010 to file motions to join additional parties and to file motions to amend the pleadings.

### E. Discovery

1. Plaintiff anticipates that discovery will be needed on the following subjects:

4

        a.      The facts and circumstances underlying defendant's credit card practices including specific instances dealing with plaintiff's credit card account.

        b.      Defendant's internal written and unwritten policies regarding the handling of credit card account disputes and how credit card account matters are reported to national credit reporting agencies.

Plaintiff reserves the right to seek discovery relating to additional issues, if necessary, during the course of discovery. Plaintiff further reserves the right to object to any proposed discovery requested by the other party, including discovery contemplated by the above-listed topics.

    2.    All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), will be commenced by February 1, 2010, and completed by (not propounded) June 1, 2010.

    3.    Discovery will be conducted in phases as discussed below.

    4.    Discovery will be completed by June 1, 2010.

    5.    Plaintiff anticipates that he will each require up to six depositions of fact witnesses. Plaintiff reserves the right to seek additional depositions, if necessary, on a showing of good cause. The depositions of fact witnesses will commence on or after the production of documents and responses to interrogatories by the parties. Fact depositions will be completed by June 30, 2010.

    6.    At this time, Plaintiff is not requesting permission to file more than 35 interrogatories, but reserves the right to seek such permission upon good cause shown.

    7.    Plaintiff does not currently anticipate calling expert witnesses at trial, but reserves the right to designate such witnesses and provide reports obtained from such

5

witnesses to defendant by July 1, 2010, with depositions of such witnesses being completed by September 1, 2010.

   8. Defendant has indicated that it does not intend to call expert witnesses at trial, but defendant reserves the right to designate such witnesses and provide reports obtained from such witnesses to plaintiff by July 1, 2010, with depositions of such witnesses being completed by September 1, 2010.

   9. A damage analysis will be provided by any party who has a claim or counterclaim for damages by July 1, 2010.

Plaintiff is unable to complete this section because of the inability to confer with defendant's counsel.

  F. <u>Dispositive Motions.</u>

Dispositive motions will be filed on or before sixty (60) days after the close of all discovery.

  G. <u>Joint Trial Memorandum.</u>

The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed by the later of sixty (60) days after any determination on a dispositive motion or sixty (60) days after the close of all discovery.

## II.  TRIAL READINESS.

The case will be ready for trial by thirty (30) days after the submission of the Joint Trial Memorandum.

Plaintiff agrees to cooperate with counsel for defendant and the Court to promote the just, speedy and inexpensive determination of this action.

PLAINTIFF

By: _____          Date:  December 14, 2009
Sean MacPherson, *pro se*
168 Sunset Hill Road
Redding, Connecticut 06896
(203) 938-4778

DEFENDANT

By: _____          Date: _____
Thomas E. Stagg (ct-23429)
Haley E. Olam (ct-27805)
Stagg, Terenzi, Confusione & Wabnik, LLP
**Office & P.O. Address:**
401 Franklin Avenue, Suite 300
Garden City, New York 11530
(516) 812-4500

## **CERTIFICATE OF SERVICE**

Sean Macpherson

v.

JP Morgan Chase Bank, N.A.

U.S.D.C., District of Connecticut

Case No. 3:09cv01774 (AWT)

This is to certify that a copy of the foregoing Plaintiff's planning report pursuant to Fed. R. Civ. P. 16(b), 26(f), and D. Conn. L. Civ. R. 16 was mailed, first class mail, postage pre-paid, on this 15th day of December, 2009 to:

Thomas E. Stagg
Haley E. Olam
Stagg, Terenzi, Confusione & Wabnik, L.L.P.
401 Franklin Avenue
Suite 300
Garden City, New York 11530
Counsel for Defendant
Chase Bank U.S.A., N.A.
s/h/a/ JP Morgan Chase Bank, N.A.

BY:_____
SEAN MACPHERSON
Plaintiff, *pro se*