```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

-------------------------------------x
SEAN MACPHERSON                      :
                                     :
            Plaintiff,               :
                                     :
    v.                               : CIV. NO. 3:09CV1774(AWT)
                                     :
JP MORGAN CHASE BANK, N.A.,          :
                                     :
            Defendant.               :
-------------------------------------x
```

**RULING ON MOTION TO DISMISS**

The plaintiff filed a complaint in Connecticut Superior Court, Judicial District of Danbury, claiming defamation and intentional infliction of emotional distress; the defendant subsequently filed a notice of removal. The defendant has filed a motion to dismiss both claims pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons set forth below, the motion is being granted.

I.  **Factual Background**

For purposes of a motion to dismiss for failure to state a claim, the court accepts as true the factual allegations in the complaint. The plaintiff maintained a credit card account with the defendant. On May 10, 2009, having received an account statement covering the time period from April 2, 2009 to May 1, 2009 which indicated a balance due of $1,734.13 and a payment due date of May 26, 2009, the plaintiff sent payment of $1,734.13 to the address specified by the defendant in the account statement.

The next statement that the plaintiff received from the

defendant indicated that the balance was paid in full on May 14, 2009, but included an additional finance charge of $15.23.  The plaintiff called the defendant's customer service department and sent a written notice to the defendant dated July 25, 2009 disputing the charge.  The plaintiff's next statement "included a late fee of $15, almost double the already bogus additional finance charge, raised the previous balance from $15.23 to $16.23 for no apparent reason, and added additional finance charges of $1.50."  (Compl. ¶ 9.)  On August 8, 2009, the plaintiff received notification from Equifax Information Services ("Equifax") that his credit score had been reduced because of a notice by the defendant to Equifax that the plaintiff's account balance had doubled and that he had more than two payments past due.  At the time the defendant notified Equifax of this information, it knew that the plaintiff disputed the charges at issue.

## II.  **Legal Standard**

When deciding a motion to dismiss under Rule 12(b)(6), the court must accept as true all factual allegations in the complaint and must draw inferences in a light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).  Although a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds of his entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause

of action will not do." Bell Atlantic Corporation v. Twombly, 550 U.S. 544, 555 (2007) (citing Papasan v. Allain, 478 U.S. 265, 286 (1986) (on a motion to dismiss, the courts "are not bound to accept as true a legal conclusion couched as a factual allegation")).  "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 557).  While "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all allegations in the complaint are true (even if doubtful in fact)," Twombly, 550 U.S. at 555 (2007) (citations omitted) (footnote omitted), the plaintiff is required to plead "only enough facts to state a claim to relief that is plausible on its face."  Id. at 570.

"The function of a motion to dismiss is 'merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof.'" Mytych v. May Dept. Stores Co., 34 F. Supp. 2d 130, 131 (D.Conn. 1999) (quoting Ryder Energy Distribution v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2d Cir. 1984)).  "The issue on a motion to dismiss is not whether the plaintiff will prevail, but whether the plaintiff is entitled to offer evidence to support his claims." United States v. Yale New Haven Hosp., 727 F. Supp. 784, 786 (D.Conn. 1990) citing Scheuer, 416 U.S. at 236.

### III. Discussion

The defendant argues in support of its motion to dismiss that the plaintiff's claims for defamation and intentional infliction of emotional distress are preempted by the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. (the "FCRA"). Specifically, the defendant contends that under § 1681t(b)(1)(F), federal law preempts state law claims against persons who furnish information to consumer reporting agencies with respect to subject matter regulated under § 1681s-2, which addresses the responsibilities of those persons when providing that information.

In response,[1] the plaintiff points to § 1681h(e) and notes that there is a split among district courts about which provision of the FCRA governs the preemption analysis in this type of case. Compare Holtman v. Citifinancial Mortg. Co., Inc., No. Civ.A. 3:05-CV-1571(JCH), 2006 WL 1699589 (D. Conn. June 19, 2006) (holding that § 1681t(b)(1)(F) preempts state common law,

---

[1] The defendant filed its motion to dismiss and the plaintiff filed an objection to the notice of removal (Doc. No. 11) within a few days of each other. The court deemed the plaintiff's objection to the notice of removal a motion to remand. The arguments made in support of and in opposition to the two motions substantially overlap; the plaintiff addresses the defendant's preemption arguments in his Memorandum of Law in Support of Plaintiff's Objection and Supplemental Objection to Defendant's Notice of Removal of Action (Doc. No. 15-2), while his Memorandum of Law in Support of Plaintiff's Opposition to Defendant's Motion to Dismiss (Doc. No. 23) addresses jurisdictional arguments disposed of in the court's Order Re Motion to Remand (Doc. No. 20). Consequently, the court will treat all relevant arguments as having been made for the purposes addressing the present motion.

including defamation and intentional infliction of emotional distress)[2] with Beuster v. Equifax Info. Servs., 435 F. Supp. 2d 471 (D. Md. 2006) (holding that state common law defamation claim is not preempted because § 1681t(b)(1)(F) preempts state statutory law only, while § 1681h(e) preempts state common law).  To that end, the plaintiff argues that § 1681t(b)(1)(F) preempts only state or federal statutory claims, while state common law claims such as those that he brings here are governed by § 1681h(e). This reading of the FCRA, sometimes called the "statutory approach" to FCRA preemption, has previously been adopted by some courts facing this question.  See, e.g., Beuster, 435 F. Supp. 2d at 478-79; Manno v. Am. Gen. Fin. Co., 439 F. Supp. 2d 418, 426 (E.D. Pa. 2006).

The court finds the plaintiff's argument unpersuasive, and concludes that § 1681t(b)(1)(F) is applicable here.  Prior to 1996, the provision of the FCRA that would have governed the preemption analysis of the plaintiff's claims was § 1681h(e). Section 1681h(e) provides that

---

[2] The court in Holtman noted that "on its face section 1681t(b)(1)(F) only applies to persons who provide information to consumer reporting agencies. The plain language, of section 1681h(e), however, applies just to consumer reporting agencies and those who take adverse actions against consumers based on consumer reports." Holtman, 2006 WL 1699589, at *4.  But it should be noted that the focus of § 1681t(b)(1)(F) is claims with respect to subject matter regulated under specified provisions of the FCRA, and the focus of § 1681h(e) is three types of claims if they are based on information disclosed under the circumstances described there.

> [e]xcept as provided in sections 1681n and 1681o
> of this title, no consumer may bring any action or
> proceeding in the nature of defamation, invasion
> of privacy, or negligence with respect to the
> reporting of information against any consumer
> reporting agency, any user of information, or any
> person who furnishes information to a consumer
> reporting agency, based on information disclosed
> pursuant to section 1681g, 1681h, or 1681m of this
> title, or based on information disclosed by a user
> of a consumer report to or for a consumer against
> whom the user has taken adverse action, based in
> whole or in part on the report except as to false
> information furnished with malice or willful
> intent to injure such consumer.

15 U.S.C. § 1681h(e).[3]  This section does not by its terms bar all state law claims--it only bars certain claims of defamation, invasion of privacy, and negligence.  It does not bar all defamation, invasion of privacy, and negligence claims, but only those claims based on information disclosed pursuant to 15 U.S.C. §§ 1681g, 1681h, or 1681m, or based on information disclosed by a user of a consumer report to or for a consumer against whom the user has taken adverse action.  Moreover, even claims based on

---

[3]Before the 1996 amendments, § 1681h(e) provided that:
> [e]xcept as provided in sections 1681n and 1681o
> of this title, no consumer may bring any action or
> proceeding in the nature of defamation, invasion
> of privacy, or negligence with respect to the
> reporting of information against any consumer
> reporting agency, any user of information, or any
> person who furnishes information to a consumer
> reporting agency, based on information disclosed
> pursuant to section 1681g, 1681h, or 1681m of this
> title, except as to false information furnished
> with malice or willful intent to injure such
> consumer.

15 U.S.C.A. § 1691h(e) (West 1996).

such information can be brought if the information was false and had been furnished with malice or willful intent to injure the consumer bringing the claim, or if falling within an exception provided in 15 U.S.C. §§ 1681n or 1681o.

However, "[i]n 1996, Congress amended the FCRA to include additional preemption provisions, including 15 U.S.C. § 1681t(b)(1)(F)." Marcum v. G.L.A. Collection Co., Inc., 646 F. Supp. 2d 870, 874 (E.D. Ky. 2008).  Congress also added provisions preempting claims based on §§ 1681g(c) and 1681m(a), (b) and (d) even if they were not claims of defamation, invasion of privacy, or negligence, and even if they were claims for false information that was furnished with malice or willful intent to injure.  See 15 U.S.C.A. § 1681t (West 1998); cf. 15 U.S.C.A. § 1681t (West 1996).  Congress has since amended § 1681t to preempt claims based on other portions of §§ 1681g and 1681m.  See 15 U.S.C. § 1681t.  Consequently, understanding § 1681t to operate to preempt certain state common law claims does not make § 1681h(e) surplusage, or effectively repeal it, as some courts have in effect suggested.  See, e.g., Beuster, 435 F. Supp. 2d. at 475; Manno, 439 F. Supp. 2d at 426.

Section 1681s-2 imposes two sets of duties on persons who furnish information to consumer reporting agencies.  See Kane v. Guar. Residential Lending, Inc., No. 04-CV-4847 (ERK), 2005 WL 1153623, at *3 (E.D.N.Y. May 16, 2005).  First, under § 1681s-

2(a), the statute imposes a duty on furnishers of information to "provide accurate information" to consumer reporting agencies. 15 U.S.C. § 1681s-2(a). Second, under § 1681s-2(b), the statute imposes additional duties on furnishers of information after they have been informed pursuant to § 1681i(a)(2) that the information is disputed. See 15 U.S.C. § 1681s-2(b).

Section 1681s-2(a) provides that "[a] person shall not furnish information relating to a consumer to any consumer reporting agency if- (i) the person has been notified by the consumer, at the address specified by the person for such notices, that specific information is inaccurate; and (ii) the information is, in fact, inaccurate." 15 U.S.C. § 1681s-2(a)(1)(B). It also prohibits the reporting of information that a person knows or has reasonable cause to believe is inaccurate, although any person who clearly and conspicuously identifies an address to receive notices by the consumer that information is inaccurate is exempt from this provision. See 15 U.S.C. §§ 1681s-2(a)(1)(A) & 1681s-2(a)(1)(C).

Section 1681s-2(b) provides that "[a]fter receiving notice pursuant to [15 U.S.C. § 1681i(a)(2)] of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall" conduct an investigation with respect to the dispute, including a review of the information provided by the consumer reporting agency, report the results of the investigation to the consumer reporting

agency, and take certain steps if the person finds the information to be inaccurate, incomplete, or impossible to verify.  15 U.S.C. § 1681s-2(b)(1).  However, the notice must be from a consumer reporting agency for this provision to apply.  See 15 U.S.C. § 1681i(a)(2); see also Kane, 2005 WL 1153623, at *4 ("[T]he duty to investigate in Subsection (b) [of § 1681s-2] is triggered only after a furnisher of information receives notice from a credit reporting agency of a consumer's dispute.").

In this case, the plaintiff alleges that his credit score was reduced by Equifax based on information provided by the defendant to Equifax.  He further alleges that he provided notice to the defendant in writing on July 25, 2009 disputing the $15.23 finance charge that appeared on his bill from the defendant.  In addition, the plaintiff alleges that the defendant did not report information until after it had notice that the information was inaccurate.[4]  In other words, the plaintiff alleges that the defendant furnished inaccurate information relating to him, a consumer, to Equifax, a consumer reporting agency, even though the defendant had been notified by him that the specific information was inaccurate, which is conduct expressly prohibited by 15 U.S.C. § 1681s-2(a)(1)(B).[5]

---

[4]The plaintiff also alleges that he called the defendant's customer service line to dispute the charge.

[5]The plaintiff does not allege that Equifax or another consumer reporting agency notified the defendant that the

As the court noted in Kane,

> [t]o the extent that a furnisher of information provides inaccurate information after receiving notice of inaccuracy <u>from</u> <u>a</u> <u>credit</u> <u>reporting</u> <u>agency</u>, that conduct is regulated under 15 U.S.C. § 1681s-2(b).  To the extent that a furnisher provides inaccurate information after receiving notice <u>from</u> <u>the</u> <u>consumer</u> <u>himself</u>, the "conduct falls squarely within § 1681s-2(a)(1)(B)."

Kane, 2005 WL 1153623, at *8 (citations omitted).  Thus, the plaintiff's claims are with respect to "subject matter regulated under" 15 U.S.C. § 1681s-2.  15 U.S.C. § 1681t(b)(1)(F).

Section 1671t(b)(1)(F) provides in pertinent part that

> [n]o requirement or prohibition may be imposed under the laws of any State . . . with respect to any subject matter regulated under . . . section 1681s-2 of [Title 15 of the United States Code], relating to the responsibilities of persons who furnish information to consumer reporting agencies . . . .

Id.  Consequently, because the plaintiff brings state law claims with respect to subject matter regulated under § 1681s-2(a)(1)(B), his claims are preempted by § 1681t(b)(1)(F).[6]

---

information it provided about the plaintiff was in dispute before August 8, 2009, when the plaintiff received notice from Equifax that his credit score had been reduced.  Consequently, it does not appear that his claims arise under laws with respect to subject matter regulated under § 1681s-2(b).

[6]The court notes that although the facts alleged by the plaintiff would, if proven, constitute a violation of the FCRA, the plaintiff does not allege facts for which there is a private right of action under the FCRA.  The FCRA provides any consumer with a private right of action against "[a]ny person who willfully fails to comply with any requirement imposed" by the statute with respect to that consumer and against "[a]ny person who is negligent in failing to comply with any requirement

-10-

**IV.    Conclusion**

For the reasons set forth above, the defendant's motion to dismiss (Doc. No. 9) is hereby GRANTED.

The Clerk shall close this case.

It is so ordered.

Signed this 4th day of August, 2010 at Hartford, Connecticut.

                                          _____/s/AWT_____
                                              Alvin W. Thompson
                                       United States District Judge

---

imposed" by the statute.  15 U.S.C. §§ 1681n(a) & 1681o(a). However, these sections do not apply to violations of section 1681s-2(a).  See 15 U.S.C. § 1681s-2(c)(1).  Accordingly, there is no private right of action for such a violation, and individuals aggrieved by a violation based on this provision must rely on state or federal officials to sue on their behalf pursuant to 15 U.S.C. § 1681s(c).  See 15 U.S.C. §§ 1681s(c)(1) & (2), 1681s(d); see also Kane, 2005 WL 1153623, at *4 ("While plaintiffs may not enforce the terms of § 1681s-2(a) through a private cause of action, they can report violations to the Federal Trade Commission, which is authorized to enforce the terms of Subsection[ ](a) under the FCRA.").

There is a private right of action under § 1681s-2(b). However, in order for this provision to apply, the person reporting information must have received notice of the dispute <u>from a consumer reporting agency</u>.  See 15 U.S.C. § 1681i(a)(2); Kane, 2005 WL 1153623, at *4.  In this case, the plaintiff does not allege that Equifax or another consumer reporting agency notified the defendant about his dispute.  See supra note 5. Accordingly, he has not alleged facts sufficient to establish that he has a private right of action under § 1681s-2(b).

Based on the factual allegations in the complaint, it is not apparent how the plaintiff could allege facts stating some other claim.  Accordingly, the motion to dismiss is being granted without leave to amend.